United States Bankruptcy Court
Northern District of Illinois
Eastern Division

| | |
|---|---|
| In re:<br><br>Michael C. Stevens,<br><br>               Debtor. | Case No. 18 BK 04348<br><br>Chapter 13<br><br>Judge: Hon. Jack B. Schmetterer |

## OPINION ON MERCHANTS' MOTION FOR RELIEF FROM CO-DEBTOR STAY [DKT. NO. 17]

First Merchants Bank, an Indiana bank f/k/a First Merchants Bank, N.A., the successor-by-merger to Citizens Financial Bank ("Merchants"), moves pursuant to 11 U.S.C. § 1301(c) and Fed. R. Bankr. P. 4001 for relief from the co-debtor stay as to Co-Debtor A.R.M.S. Inc. of Crestwood ("ARMS"), which is owned by Debtor Michael C. Stevens ("Debtor"). Merchants seeks to foreclose against a particular piece of property commonly known as 13931 S. Torrence Avenue, Burnham, Illinois 60633 ("the Property").

For the reasons discussed below, Merchants' Motion will be denied because the automatic stay does not apply to ARMS pursuant to 11 U.S.C. § 1301(a).

### UNDISPUTED FACTS

1. Debtor filed his instant petition for Chapter 13 bankruptcy relief on February 19, 2018. (Dkt. No. 17.)

2. Prior to the petition date, Merchants had filed a foreclosure proceeding against Debtor, ARMS, Debtor's wife Michelle M. Stevens and Wells Fargo Bank, NA in the Circuit Court of Cook County titled *First Merchants Bank v. A.R.M.S. Inc. of Crestwood, et al.*, Case No. 17 CH 12141. (Dkt. No. 17.)

3. Debtor, his wife and ARMS purchased the property on October 3, 2006 with financing from Citizens Financial Bank. The Property is a restaurant known as the Harbour Point Shrimp House. The note was executed in favor of Citizens Financial Bank in the amount of $150,868.82. (Dkt. Nos. 17 and 35.)

4. Debtor, his wife, and ARMS executed a second mortgage against their home and against the Property known as the Harbour Point Shrimp House as collateral for the financing. (Dkt. No. 35.)

5. Debtor and co-debtors refinanced the Note on December 21, 2011, when it originally became due, for another 5 years, through December 21, 2016. (Dkt. No. 35.)

1

6. The note contained a balloon payment provision pursuant to which all unpaid amounts became due on December 21, 2016. (Dkt. No. 35.)

7. The Property is not owned by the Debtor. It is titled only in the name of ARMS. (Dkt. No. 17.)

8. Debtor and his co-obligors intended to refinance the Note again, but have not been able to do so. (Dkt. No. 35.)

9. On March 9, 2018, Merchants filed its Proof of Claim for $186,463.59 due on the Note with a default interest rate of 11.75%. (Dkt. No. 35.)

10. Debtor's most recent amended plan, filed on April 24, 2018 states that he intends to pay the entire balance of the loan at the 11.75% interest rate. (Dkt. No. 35.)

11. Merchants filed its instant Motion for Relief from Co-Debtor Stay on March 9, 2018. Merchants states that, "a creditor may not act. . . to collect all or any part of a *consumer* debt from any *individual* that is liable on such debt with the debtor." 11 U.S.C. 1301(a) (emphasis added). It argues that the co-debtor stay does not apply to ARMS because it is a corporation, not an individual. Moreover, the debt in question is not a consumer debt, because it was not incurred "primarily for a personal, family or household purpose." 11 U.S.C. § 101(8). Rather, Merchants asserts that the loan was commercial in nature, secured by commercial real estate, and the co-debtor stay does not apply to commercial loans. *In re Dye*, 190 B.R. 566 (Bankr. N.D. Ill. 1995); *In re Williams*, 474 B.R. 604, 606 fn. 1 (Bankr. N.D. Ill. 2012). Merchants further argues that ARMS, not Stevens, is the true debtor in this case because ARMS received the majority of the consideration on the loan. As such, 11 U.S.C. § 1301(c) requires that the co-debtor stay be modified when consideration for a loan goes exclusively to the co-debtor. *In re Rhodes*, 85 B.R. 64, 65 (Bankr. N.D. Ill. 1988).

12. Merchants also argues that Debtor's plan does not propose to pay it in full, asserting that Debtor's plan only pays Merchants $155,000.00 of its $186,463.59 claim at 3.5% interest, as opposed to the 11.75% interest claimed by Merchants. Pursuant to 11 U.S.C. § 1301(c)(2), the stay must be modified when, "the plan filed by the debtor proposes not to pay such a claim." Finally, Merchants asserts that its interests would be irreparably harmed without stay relief because it would not be fully paid in the plan. 11 U.S.C. §1301(c)(3).

2

13. Merchants has also filed an Objection to the Debtor's Plan [Dkt. No. 44] which is being briefed. It is scheduled for status on July 11, 2018.

14. Debtor filed his Response to Merchants' Motion on April 24, 2018. He argues that the co-debtor stay should not be lifted as to Michelle Stevens, his wife, or ARMS because the total claim is being paid in full at the 11.75% interest rate Merchants seeks in his most recent plan. Furthermore, Debtor asserts that the property is only useful as a restaurant, and the scheduled value of the property (approximately $50,000.00 in Debtor's Amended Schedule A/B) does not come close to satisfying the obligation on the note. Alternatively, Debtor asserts that pursuant to Seventh Circuit precedent, when a debtor is an indispensable party to litigation and harm would result to the debtor, courts have extended the automatic stay to unrelated third-party co-defendants. *In re James Wilson Associates*, 965 F.2d 160 (7th Cir. 1991); *Trimec, Inc. v. Zale Corp.*, 150 B.R. 685, 687 (Bankr. N.D. Ill. 1993). Debtor asserts that because he is the owner and operator of ARMS, it is the type of entity that should have the stay extended to it. Furthermore, Debtor asserts that severe harm would come to him and his bankruptcy case should the litigation be allowed to proceed. Debtor states that modification of the co-debtor stay would not allow him to work or run his restaurant. He explains that because he has proposed to pay Merchants' claim in full in his plan, the stay should be extended to ARMS.

15. Merchants filed its Reply on April 27, 2018. It argues that Debtor has not set forth any reason why 11 U.S.C. § 1301(c) should not be followed. Specifically, Merchants points out that Debtor's assertion that 11 U.S.C. §1301(c) should only provide relief to the extent that the plan proposes not to pay a claim is unsupported. Merchants also states that Debtor's valuation of the Property is unsupported as well, as it is simply a lay valuation in his Amended Schedule A/B. Additionally, Merchants argues that Debtor is incorrect that any state court foreclosure order would contradict the bankruptcy case because Debtor and ARMS are jointly and severally liable, so any recovery against ARMS results in a reduction in any amount owed by Stevens. Furthermore, Merchants argues that Debtor never moved for an extension of the stay to ARMS, and only discusses such relief in his Response.

3

16. As to the Debtor's argument that he is an essential party to the state court foreclosure litigation and that Debtor and ARMS are so closely related that the automatic stay should be extended to ARMS, Merchants argues that cases cited by Debtor only raise the possibility that a third party could have litigation against them stayed if the debtor was an indispensable party, but in this case Debtor can participate in the foreclosure as ARMS' owner, and any recovery from the Burnham property will reduce what Debtor owes. Moreover, the cases Debtor cites arise in a Chapter 11 context and do not contend with the plain language of 11 U.S.C. § 1301(c), and are therefore irrelevant.

17. Finally, no hearing was requested or specific Motion filed to estblashin ARMS as an "indispensable party."

## JURISDICTION AND VENUE

Subject matter jurisdiction lies under 28 U.S.C. § 1334. The district court may refer bankruptcy proceedings to a bankruptcy judge under 28 U.S.C. § 157, and this proceeding was thereby referred here by Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue lies under 28 U.S.C. § 1409. This is a core proceeding pursuant to 28 U.S.C. 157(b)(2)(G).

## DISCUSSION

### I. ARMS is Not Protected by the Automatic Stay because it is Not an Individual

Debtor contends that the automatic stay should not be modified to allow Merchants to proceed against his company and co-debtor on the note, ARMS, for two reasons. First, Debtor argues that 11 U.S.C. § 1301(c) provides only for relief to the extent that the plan proposes not to pay a claim or portion thereof, and that because he has proposed to pay Merchants the full amount of its claim at the required default interest, the stay should not be modified to allow Merchants to proceed against the Property, which is titled in the name of ARMS only. Second, Debtor argues that regardless of the applicability of 11 U.S.C. § 1301(c), the automatic stay should be extended to ARMS because there is such commonality of interest between Debtor and ARMS that any action against the company is an action against Debtor which would result in severe harm to him and his Chapter 13 bankruptcy case. Both of Debtor's arguments fail as a matter of law.

4

It is undisputed that ARMS is a corporation owned by the Debtor. As such, it is ineligible for protection under the automatic stay pursuant to 11 U.S.C. § 1301(a), which states in relevant part that:

> "(a) Except as provided in subsections (b) and (c) of this section, after the order for relief under this chapter, a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any **individual** that is liable on such debt with the debtor, or that secured such debt . . ."

ARMS is clearly not an individual. The fact that Debtor has included the full value of Merchants' claim and the correct default interest rate in his plan to comport with 11 U.S.C. § 1301(c)(2) is irrelevant. That provision only illustrates the grounds upon which a party in interest may seek relief from the stay against an individual that is already covered by § 1301(a). Merchants' does not need to show that the plan filed by Debtor proposes to not pay all or a portion of its claim in order to seek stay relief against the co-debtor ARMS because ARMS is not an entity covered by the automatic stay pursuant to 11 U.S.C. § 1301(a) in the first place. *In re Williams*, 474 B.R. 604, 606 fn. 1 (Bankr. N.D. Ill. 2012) (stating that because the co-debtor is a, "corporation rather than an "individual" and the debt here is a business rather than a consumer debt, so the co-debtor stay is inapplicable."). Therefore, Debtor's inclusion of the totality of Merchants' claim in his plan is meaningless. ARMS is plainly not protected by the bankruptcy stay pursuant to 11 U.S.C. § 1301(a).

Debtor's reliance on *In re James Wilson Associates*, 965 F.2d 160 (7th Cir. 1991) and *Trimec, Inc. v. Zale Corp.*, 150 B.R. 685 (Bankr. N.D. Ill. 1993) for his assertion that a stay is appropriate when a debtor is an indispensable party to litigation and when there is such commonality of identity "between the debtor and a third-party defendant that the debtor may be said to be the real party defendant and that the judgment against the third-party defendant will in effect be a judgment or finding against the debtor" is thus misplaced. *Zale*, 150 B.R. at 687 (quoting *A.H. Robins Co. Inc. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986)). Both of those cases were Chapter 11 bankruptcies, meaning neither one dealt with the specific language of the Code prohibiting the automatic stay from extending to non-individuals.

5

## CONCLUSION

While 11 U.S.C. § 105(a) does confer authority upon bankruptcy courts to exercise equitable powers to carry out provisions of the Bankruptcy Code, "it is quite impossible to do that by taking action that the Code prohibits." *Law v. Siegel*, 571 U.S. 415, 415 (2014). "'[W]hatever equitable powers remain in the bankruptcy courts must and can only be exercised within the confines of' the Bankruptcy Code." *Id.* (quoting *Norwest Bank v. Ahlers*, 485 U.S. 197, 206 (1988)). The Bankruptcy Code explicitly states the automatic stay does not apply to non-individuals in Chapter 13 cases and no equitable relief can be granted to the Debtor that contravenes this provision.

"'The purpose of chapter 13 is to enable an *individual*, under court supervision and protection, to develop and perform under a plan for the repayment of his debts over an extended period.'" *Matter of Smith*, 848 F.2d 813, 816–17 (7th Cir. 1988) (quoting H.R. REP. NO. 95-595, 118 (1977) (emphasis added)). Debtor is attempting to expand the court protection offered by Chapter 13 bankruptcy to his company, which is expressly prohibited by the Bankruptcy Code. 11 U.S.C. § 1301(a). It does not matter whether the loan is "consumer" or "commercial" in nature. The stay plainly does not apply to ARMS because it is not an individual and no exception can be made.

For the foregoing reasons, Merchants' Motion for Relief from Co-Debtor Stay will be denied by separate order entered concurrently herewith.

ENTER:

Jack B. Schmetterer
United States Bankruptcy Judge

Dated this ___ day of June, 2018

JUL 2 1 2018

6

18 B 04348
In re: Michael C. Stevens

# CERTIFICATE OF SERVICE

I, Dorothy Clay, certify that on June 21, 2018, I caused to be served copies of the foregoing

document to the following by electronic service through the Court's CM/ECF system or regular U.S.

mail:

_____
Judicial Assistant/Deputy/Clerk

## Electronic Service through CM/ECF System

Daniel J Winter
Law Offices Of Daniel J Winter
53 W Jackson Suite 718
Chicago, IL 60604
Counsel for Debtor

C Daniel Motsinger
Nicholas D. Strom
Krieg DeValt LLP
One Indiana Square Suite 2800
Indianapolis, IN 46204-2079
Counsel for First Merchants Bank N.A., as
 successor-by-merger to Citizens Financial Bank